United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WASEEM NOOR,<br>Plaintiff,<br>v.<br>CALIX, INC., et al.,<br>Defendants. | Case No. 26-cv-04993-PCP<br><br>**ORDER GRANTING MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND LEAD COUNSEL**<br><br>Re: Dkt. No. 16 |

Plaintiff Waseem Noor moves for appointment as lead plaintiff and approval of Noor's selection of Glancy Prongay Wolke & Rotter LLP as lead counsel. The deadline to respond to or oppose Noor's motion passed on August 10, 2026, and the motion is not opposed. Dkt. No. 18. For the reasons stated below, the Court grants Noor's motion.

**BACKGROUND**

On May 27, 2026, Waseem Noor filed the instant class action lawsuit against Calix and individual Calix executives alleging securities fraud and controlling person liability. Dkt. No. 1, Complaint. Noor alleges that, starting on January 28, 2026, defendants made false or misleading statements or omissions regarding Calix's cloud and software platforms, systems, and services. Noor alleges that defendants failed to disclose that Calix's first quarter results "had significantly benefited from advanced purchasing of memory components," that that supply was "dwindling," that Calix was consequently "experiencing negative margin pressure as it was forced to purchase memory component at rising market prices," and that defendants' positive statements about Calix's business were materially misleading or lacked a reasonable basis. Complaint ¶ 6.

Noor seeks to represent a class of "investors that purchased or otherwise acquired Calix, Inc. … securities between January 28, 2026 and April 21, 2026, inclusive." Dkt. No. 16., at 2. On July 27, 2026, Noor filed a motion for appointment as lead plaintiff and for approval of his

selection of Glancy Prongay Wolke & Rotter LLP as lead counsel. Dkt. No. 16. No competing motion or opposition has been filed. Dkt. No. 18.

**LEGAL STANDARD**

The Private Securities Litigation Reform Act of 1995 (PSLRA) governs the procedure for selection of a lead plaintiff in private class actions under the Securities Exchange Act of 1934. 15 U.S.C. § 78u-4(a)(3). Under the PSLRA, a district court "shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i).

The PSLRA "provides a simple three-step process for identifying the lead plaintiff." *In re Cavanaugh*, 306 F.3d 726, 729 (9th Cir. 2002). First, the pendency of the action, the claims made, and the purported class period must be publicized in a "widely circulated national business-oriented publication or wire service." *Id.*; *see also* 15 U.S.C. § 78u-4(a)(3)(A)(i)(I). This notice must be published within 20 days of the filing of the complaint. *Id*. It must also alert members of the purported class that they have 60 days to move for appointment as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(A)(i)(II).

Second, the court must identify the presumptive lead plaintiff. To do so, the court "must compare the financial stakes of the various plaintiffs and determine which one has the most to gain from the lawsuit." *Cavanaugh*, 306 F.3d at 730. The court must then determine whether that individual, "based on the information he has provided in his pleadings and declarations," satisfies the requirements of Rule 23(a), "in particular those of 'typicality' and 'adequacy.'" *Id.* If the plaintiff with the largest financial interest satisfies these requirements, he becomes the "presumptively most adequate plaintiff." *Id.*; *see also* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

Finally, the other plaintiffs must have "an opportunity to rebut the presumptive lead plaintiff's showing that it satisfies Rule 23's typicality and adequacy requirements." *Cavanaugh*, 306 F.3d at 730. Unless a member of the purported plaintiff class provides proof that the presumptive plaintiff "(aa) will not fairly and adequately protect the interests of the class; or (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class," the court must appoint the presumptively most adequate plaintiff as lead plaintiff.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *see also Cavanaugh*, 306 F.3d at 732.

Once the determination of lead plaintiff is made, "[t]he most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(B)(v). "[I]f the lead plaintiff has made a reasonable choice of counsel, the district court should generally defer to that choice." *Cohen v. U.S. Dist. Ct. for N. Dist. of Cal.*, 586 F.3d 703, 712 (9th Cir. 2009).

**ANALYSIS**

**I. The Court appoints Waseem Noor as lead plaintiff.**

**A. The PSLRA's procedural requirements are satisfied.**

Pursuant to the PSLRA, a notice of the pending action was published on May 27, 2026, the same date that Noor filed the complaint in this case. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i); Dkt. Nos. 1, 8. The notice announced the pendency of this action, listed the claims, specified the class period, and advised putative class members that they had 60 days to file a motion to seek appointment as lead plaintiff in the lawsuit. Thus, the notice complied with the PSLRA's requirements. *See* 15 U.S.C. § 78u-4(a)(3)(A).

Noor filed this motion within the statutory period specified in 15 U.S.C. § 78u-4(a)(3)(A); Dkt. No. 16. Noor has therefore met the statutory procedural requirements.

**B. Noor has the largest financial interest.**

The Court must next determine whether Noor qualifies as the most adequate plaintiff by considering Noor's financial interest in the relief sought. *See Cavanaugh*, 306 F.3d at 730.

Noor has submitted a sworn declaration indicating that he bought 450 net shares of Calix, Inc., stock during the class period and allegedly suffered losses of $26,931.14 due to Calix's alleged fraud. Dkt. No. 17-3, Financial Interest Analysis, Exh. C. "Because [Noor] was the only movant for appointment as lead counsel and the motion is unopposed, [he] is necessarily the prospective lead plaintiff with the greatest financial interest in the litigation." *Welgus v. Trinet Grp., Inc.*, No. 15-cv-03625-BLF, 2015 WL 7770222, at *2 (N.D. Cal. Dec. 3, 2015) (collecting cases).

**C. Noor can fairly and adequately represent the class.**

Noor makes the necessary prima facie showing that he satisfies the typicality and adequacy requirements of Rule 23(a). *See Cavanaugh*, 306 F.3d at 731. "When the district court makes [this] initial determination, it must rely on the presumptive lead plaintiff's complaint and sworn certification; there is no adversary process to test the substance of those claims." *Id.* at 730.

The typicality requirement is met when "each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." *Rodriguez v. Hayes*, 591 F.3d 1105, 1124 (9th Cir. 2010) (cleaned up). Here, Noor's claims arise from the same course of events as the claims of other class members because Noor alleges that he and other members of the proposed class bought Calix securities during the class period at inflated price due to defendants' allegedly false or misleading statements or omissions and that he and other members of the proposed class were damaged by later, corrective disclosures.

The adequacy requirement is met if class representative parties are able to "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). This requires that (1) named plaintiffs and their counsel have no conflicts of interest with other class members, and that (2) named plaintiffs and their counsel prosecute the action vigorously on behalf of the class. In re *Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 943 (9th Cir. 2015). Here, there are no known conflicts of interest between Noor and the proposed class members. Noor's diligence in seeking appointment as lead plaintiff, and his declaration attesting to his investing background, including managing his own investments for more than 30 years, suggest that he and his counsel will prosecute this action vigorously.

Accordingly, Noor has made a prima facie showing of typicality and adequacy, and the Court finds that he qualifies as the presumptively most adequate plaintiff under the PSLRA.

Noor's motion is unopposed and no member of the purported plaintiff class has provided proof that Schramke "will not fairly and adequately protect the interests of the class" or that Schramke "is subject to unique defenses that render [him] incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). Accordingly, the Court appoints Waseem Noor to serve

United States District Court
Northern District of California

as lead plaintiff.

**II. Glancy Prongay Wolke & Rotter LLP is a reasonable choice for class counsel.**

Having been appointed lead plaintiff, Noor must "select and retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(B)(v). Noor has selected Glancy Prongay Wolke & Rotter LLP, which has significant prior experience representing plaintiffs in similar securities fraud class actions. Because Noor has made a facially "reasonable choice of counsel" and no other party has suggested that choice is unreasonable, the Court will defer to Noor's selection of counsel and appoint Glancy Prongay Wolke & Rotter LLP as lead counsel. *Cohen*, 586 F.3d at 712.

**CONCLUSION**

For the above reasons, the Court appoints Waseem Noor as lead plaintiff and Glancy Prongay Wolke & Rotter LLP as lead counsel.

**IT IS SO ORDERED.**

Dated: September 9, 2026

P. Casey Pitts
United States District Judge